STATE OF HAWAI`I, Respondent/Plaintiff-Appellee
v.
ARTHUR SAMOA GUTUTALA, Petitioner/Defendant-Appellant
No. 27749
Supreme Court of Hawaii.
April 11, 2008.
Phyllis J. Hironaka, Deputy Public Defender, for petitioner/defendant-appellant on the application

SUMMARY DISPOSITION ORDER
MOON, C.J., LEVINSON, NAKAYAMA, and DUFFY JJ.; and Acoba, J., Dissenting.
Petitioner Arthur Samoa Gututala seeks review of the Intermediate Court of Appeals' (ICA) August 3, 2007 judgment, which affirmed the circuit court of the first circuit's December 14, 2005 Judgments of Conviction and Sentence in Cr. No. 05-1-1378 and in Cr. No. 05-1-1921.[1] We accepted Gututala's application for a writ of certiorari and now vacate the judgment of the ICA and remand to the circuit court for resentencing.
On July 6, 2005, Gututala was charged with Promoting a Dangerous Drug in the Third Degree (PDD), in violation of HRS § 712-1243, and Unlawful Use of Drug Paraphernalia (UUP), in violation of HRS § 329-43.5(a). Gututala pled no contest to both counts. Subsequently, on September 15, 2005, Gututala was charged with Unauthorized Control of a Propelled Vehicle (UCPV), in violation of HRS § 708-836, and Driving Without License (DWL) in violation of HRS § 708-836. He pled guilty to both counts.[2]
The prosecution moved to sentence Gututala to extended terms of imprisonment as a "persistent offender," under HRS §§ 706-661 & 706-662(1) (Supp. 2004). The circuit court granted the motion based on its finding that such terms were necessary for the protection of the public, and sentenced Gututala to extended-term sentences of ten years for each felony conviction: ten-years imprisonment for PDD, ten-years imprisonment for UUP, and ten-years imprisonment for UCPV. In addition to the extended-term sentences for the three felony convictions, Gututala was sentenced to thirty-days imprisonment for DWL. The sentences were to run concurrently.
The ICA affirmed Gututala's conviction and sentence. Gututala maintains, inter alia,[3] that the ICA gravely erred in concluding that the imposition of an extended term of imprisonment based on non-jury findings of fact did not violate his rights under the fifth, sixth, and fourteenth amendments to the United States Constitution, as explicated in Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny. As this court made clear in State v. Maugaotega, 115 Hawai`i 432, 168 P.3d 562 (2007), Gututala's extended-term sentences were indeed inconsistent with his right to a jury trial under the sixth amendment to the United States Constitution.
Therefore,
The ICA's August 3, 2007 judgment is vacated, and the case is remanded to the circuit court (1) to vacate Gututala's extended term sentences and (2) for resentencing in accordance with this order and applicable law. See Act 1 (Oct. 31, 2007) (to be codified at HRS §§ 706-661 to -664);[4] State v. Jess, No. 28483, Slip Op. (Haw. March 31, 2008) (determining that resentencing under Act 1 is not unconstitutional and also permitting a circuit court to resentence a criminal defendant under a judicially reformed version of the prior statute governing extended term sentencing).[5]
NOTES
[1] The Honorable Dexter Del Rosario presided.
[2] PDD, UUP, and UCPV are each class C felonies carrying a maximum term of imprisonment of five years. HRS § 706-660 (1993). For DWL, Gututala faced a maximum sentence of thirty-days imprisonment. HRS § 706-663 (1993).
[3] Gututala raised two other claims in his Application for Writ of Certiorari: (1) that the circuit court relied on inadequate evidence (a presentence report) to prove that he was a "persistent offender," and (2) that the circuit court wrongly refused to entertain his motion to reconsider his sentence. Because we vacate the ICA's judgment upholding Gututala's sentence, and remand for resentencing, we need not address these arguments.
[4] Act 1 was passed in a special session after this court's decision in Maugaotega. See H.B. 2, 24th Leg., Second Spec. Sess. (2007), available at http://capitol.hawaii.gov/splsession2007b/bills/HB2_.htm (enacted as Act 1 on October 21, 2007). Section 5 of the Act provides that "[a] defendant whose extended term of imprisonment is set aside or invalidated shall be resentenced pursuant to this Act upon request of the prosecutor." See id.
[5] Although Gututala, at this juncture, has not alleged any defect in his indictment, we note that the new rule announced in Jess, requiring the allegation of aggravating extrinsic facts in a charging instrument, does not apply to Gututala because of its prospective character.